E-FILED
Friday, 22 February, 2013  02:02:53 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 99-30068 |
| | ) | |
| ROBERT D. VAUGHN, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This matter comes before the Court on Defendant Robert D. Vaughn's Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (d/e 86). For the reasons set forth below, Defendant's Motion for reduced sentence is DISMISSED for lack of subject matter jurisdiction.

I. BACKGROUND

In May 2000, a jury found Defendant guilty of Count 1, conspiracy to distribute cocaine base (18 U.S.C. § 846); Count 2, retaliating against a witness (18 U.S.C. § 1513(b)(2)); and Count 3, possession of a firearm

in furtherance of a drug trafficking crime (18 U.S.C. § 924(c)(1)(B)(ii)).

At sentencing in November 2000, Defendant was held accountable for 1.7 kilograms of crack. This resulted in a base offense level of 38. After a two-level enhancement for Defendant's lead role in the offense (U.S.S.G. § 3B1.1(c) (2000)) and another two-level enhancement for Obstruction of Justice (U.S.S.G. § 3C1.1, comment (n.8)) Defendant's total offense level was 42. With a Criminal History Category of VI, Defendant's guideline range was 360 months to life. However, because the guideline range exceeded his statutory maximum on Counts 1 (20 years' imprisonment) and 2 (10 years' imprisonment), his guideline range became the statutory maximum. U.S.S.G. 5G1.1(a).

The Court sentenced Defendant to 240 months on Count 1, 120 months on Count 2, to run consecutive to each other and concurrent to the sentence imposed in case No. 96-30001, and 360 months on Count 3 to run consecutive to all other sentences. The sentence also included 3 years' supervised release on each of Counts 1 and 2, and 5 years' supervised release on Count 3, all of which were to run concurrently with

each other and case No. 96-30001; restitution in the amount of $8,668.75, owed jointly and severally with Katherine Kantner; and a mandatory special assessment of $300.00.

In December 2011, Defendant filed his Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (d/e 86). This Court appointed the Federal Defender for the Central District of Illinois to represent Defendant on his Motion. See Text Order from Dec. 15, 2011.

On January 9, 2012, appointed counsel moved to withdraw. See d/e 87. Counsel asserted that under the old and new amended guidelines, Defendant's guideline range was the same, and he was therefore ineligible for a reduction in sentence. On January 12, 2012 this Court granted counsel's motion to withdraw and gave Defendant until February 11, 2012 to file any supplement or new motion. See Text Order from Jan. 9, 2012. Defendant has not filed any additional supplements or motions.

## II.  ANALYSIS

"District courts have limited power to revisit sentences once they are imposed." United States v. Goode, 342 F.3d 741, 743 (7th Cir. 2003).  Section 3582(c)(2) of the United States Code allows a court to reduce a previously imposed sentence (1) where the defendant was sentenced "to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  If the defendant cannot satisfy the first criterion, the court lacks subject matter jurisdiction to consider the reduction request.  United States v. Forman, 553 F.3d 585, 588 (7th Cir. 2009).

The Fair Sentencing Act of 2010, amending 21 U.S.C. § 841(b)(1), reduced the disparity between sentences involving crack and powder cocaine by raising the amounts of crack mandating minimum prison sentences.  See Pub. L. No. 111-220, 124 Stat. 2372; see also 21 U.S.C. § 841(b)(1); United States v. Vance, 659 F.3d 613, 616 (7th Cir. 2011).

The Act also ordered the United States Sentencing Commission to amend the Federal Sentencing Guidelines "'to achieve consistency with other guideline provisions and applicable law.'" <u>United States v. Perez</u>, 2011 WL 2183879, at *1 (N.D. Ind. 2011) (quoting Pub. L. No. 111-220 at § 8, 124 Stat. at 2374).

The Sentencing Commission amended the sentencing guidelines by reducing the sentencing guideline ranges for certain federal crack cocaine offenders. <u>See</u> Amendment 750. Effective November 1, 2011, the Sentencing Commission made those amended sentencing guidelines apply retroactively. <u>See</u> U.S.S.G. § 1B1.10(a), (c) (providing that a court may reduce the sentence of a defendant serving a sentence of imprisonment where the sentencing guideline range was lowered as a result of Amendment 750). "Stated generally, the practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving crack cocaine may be eligible for a reduction in their current sentences, pursuant to 18 U.S.C. § 3582(c)(2)." <u>United States v. Turner</u>, 2011 WL 4704277, at *1

(W.D.Va. 2011).

However the Court lacks subject-matter jurisdiction to consider Defendant's reduction request because the sentencing range on which his sentence was based was not subsequently lowered by the Sentencing Commission. When Defendant was sentenced, the base offense level of 38 applied to persons held accountable for 1.5 kg or more of crack. (U.S.S.G. § 2D1.1(c)(1) (2000)). Defendant's base offense level was 38 because he was held accountable for 1.7 kg of crack. After a two-level enhancement for Defendant's lead role in the offense (U.S.S.G. § 3B1.1(c)) and another two-level enhancement for Obstruction of Justice (U.S.S.G. § 3C1.1, comment (n.8)) Defendant's total offense level was 42. With a criminal history category of VI, his guideline range was 360 months to life.

After Amendment 750, the base offense level of 34 applies to persons held accountable for at least 850 g but less than 2.8 kg of crack. After the same adjustments, Defendant's total offense level would be 38. With a criminal history category of VI, Defendant's guideline range

remains 360 months to life.  See U.S.S.G. Sentencing Table (2012). Because the Amendment has no effect on Defendant's sentencing guideline range, Defendant is not entitled to a reduction in his sentence. 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10, comment note 1(A) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range."); United States v. Taylor, 627 F.3d 674, 676 (7th Cir. 2010) (relief under § 3582(c)(2) "is not available when a retroactive amendment does not have the effect of lowering the defendant's applicable guideline range") (quoting U.S.S.G. § 1B1.10(a)(2)(B)).

### III. CONCLUSION

For the reasons stated, Defendant's Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (d/e 86) is DISMISSED for lack of subject matter jurisdiction.

ENTER: February 22, 2013

FOR THE COURT:              s/ Sue E. Myerscough
                            SUE E. MYERSCOUGH
                       UNITED STATES DISTRICT JUDGE